**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 13 |
| BLANCA NERIS | : | |
| Debtors. | : | CASE NO.: 11-14176-sr |
| | : | |
| EQUICREDIT CORPORATION OF AMERICA | : | TIME OF HEARING |
| | : | PLACE OF HEARING |
| Movant. | : | 9/21/2011 |
| and | : | 10:00am |
| | : | U.S. Bankruptcy Court |
| BLANCA NERIS, and FREDERICK L. REIGLE, | : | Courtroom No. 4 |
| CHAPTER 13 TRUSTEE, | : | 900 Market Street |
| | : | Philadelphia, PA  19107 |
| Respondents | : | |

**MOTION OF ZUCKER, GOLDBERG & ACKERMAN, LLC TO CONFIRM THAT THE AUTOMATIC STAY IS NOT IN EFFECT NUNC PRO TUNC AS OF 5/24/11 AS TO THE REAL PROPERTY OF 613 NORTHAMPTON ROAD, EAST NORRITON, PENNSYLVANIA 19403**

AND NOW, comes EquiCredit Corporation of America ("Movant"), by and through its attorneys, Zucker, Goldberg & Ackerman, LLC, files this Motion for Relief from the Automatic Stay, averring as follows:

1. This is an action arising pursuant to a case under Title 11 of the United States Code.
2. Movant is a lending institution duly authorized to conduct business in the Commonwealth of Pennsylvania.
3. Movant is a party-in-interest in the above-referenced Bankruptcy matter as it is a secured creditor of the Debtor(s).
4. The Debtor(s) filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on May 24, 2011 ("Petition").
5. The Debtor(s) is/are currently obligated to EquiCredit Corporation of America, under the terms of a certain Note, dated June 30, 2000, in the original principal amount of $138,550.00 executed by Debtor(s)(hereinafter "Note"). Copy of Note and Mortgage attached hereto as Exhibit A.
6. As security for repayment of the Note, Debtor(s) executed a certain Mortgage, dated of even date and of even amount, in favor of Equicredit with respect to certain real property owned by the Debtor located at 613 Northampton Road, East Norriton, PA 19403 (hereinafter "Mortgaged Premises")

7. Debtor's Chapter 13 Plan ("Plan") provides for, *inter alia*, the payment of the prepetition arrearages owed to Frederick L. Reigle, Trustee, through the Plan and the regular monthly mortgage payments to EquiCredit Corporation of America outside the Plan.
8. Debtor(s) have failed to make post-petition mortgage payments for the past four (4) months.

9. The total loan balance and the amount past due to EquiCredit Corporation of America in post-petition arrearages, are $206,400.56 and $6,420.56, respectively.

10. Due to said failure by Debtors to make payments when due, Movant lacks adequate protection of its security interest in the Real Property.

11. On 03/18/04 Donald W. Thornton, co-mortgagor, filed a Chapter 13 bankruptcy case Number 04-13914. This Bankruptcy was dismissed on 06/09/05. Copy of the Pacer attached hereto as Exhibit B.

12. On 06/28/05 Donald W. Thornton, co-mortgagor, filed a Chapter 13 bankruptcy case Number 05-18822. This Bankruptcy was dismissed on 04/12/07. Copy of the Pacer attached hereto as Exhibit C.

13. On 07/18/07 Donald W. Thornton, co-mortgagor, filed a Chapter 13 bankruptcy case Number 07-14129. This Bankruptcy was dismissed on 04/04/08. Copy of the Pacer attached hereto as Exhibit D.

14. On 10/28/08 Debtor, filed a Chapter 13 bankruptcy case Number 08-17027. This Bankruptcy was dismissed on 01/13/10. Copy of the Pacer attached hereto as Exhibit E.

15. On 07/16/10 Debtor, filed a Chapter 13 bankruptcy case Number 10-15866. This Bankruptcy was dismissed on 04/20/11. Copy of the Pacer attached hereto as Exhibit F.

16. On 05/24/11 Debtor, filed a Chapter 13 bankruptcy case Number 11-14176.

17. The filing of serial bankruptcy petitions for the sole purpose of delaying a foreclosure proceeding constitutes an abuse of the bankruptcy system and such a filing is made in bad faith and is sanctionable. In light of the fact that this is the Debtor's and co-Mortgagor's 6th filing in a seven (7) year period, it is clear that the Debtor's instant Chapter petition has been filed in bad faith. Accordingly, the Debtor's instant bankruptcy petition should be dismissed with prejudice and prohibitions against future filings imposed against the Debtor for filing the instant bankruptcy proceeding to harass and delay the secured creditor in the exercise of its legitimate rights and if this case has been dismissed, we ask this Court to reopen the case for this limited purpose.

18. WHEREFORE, EquiCredit Corporation of America respectfully requests this Honorable Court to terminate the Automatic Stay as it affects the interest of EquiCredit Corporation of America in the Real Property of the Debtors specifically identified in the Mortgage, together with such other relief as this Honorable Court may deem just.

ZUCKER, GOLDBERG & ACKERMAN, LLC

BY:  _/s/ Kimberly A. Bonner_____

Dated:  September 1, 2011  
Scott A. Dietterick, Esquire PA I.D. #55650;  
Kimberly A. Bonner, Esquire PA I.D. #89705;  
Attorneys for Movant  
200 Sheffield Street, Suite 101  
Mountainside, NJ  07092  
(908) 233-8500; (908) 233-1390 FAX  
sad@jsdc.com; kab@jsdc.com